NELS SWANSON *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

CHANGE OF VENUE—*an information can not be to circuit court.* As an information for a misdemeanor can be commenced and prosecuted only in the county court, it is error, on granting a change of venue by the county court, to send the cause to the circuit court of some other county, and error for the latter court to proceed with its trial.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the plaintiffs in error.

Mr. J. J. TUNNICLIFFE, State's attorney, for the People.

Per CURIAM : This was an information filed in the county court of Knox county, by the prosecuting attorney, against Swanson and Runneberg, for alleged violations of the second section of the Dram Shop act, in selling intoxicating liquor without a license.

The defendants filed their petition for a change of venue, alleging the prejudice of the judge of the county court, and also the prejudice of the circuit judge of the eighth judicial circuit. Thereupon the venue was changed, against the defendants' objection, to the circuit court of Henry county.

In the Henry county circuit court the defendants objected to the court assuming jurisdiction, which objection was over-

ruled, and the defendants excepted. Thereupon a trial was had in that court, resulting in a conviction of the defendants, and they bring the case here by writ of error.

The error is assigned, that the circuit court could not acquire jurisdiction by change of venue.

The section of the statute relating to a change of venue in criminal cases provides, that "when a change of venue is granted, it may be to some other court of record of competent jurisdiction in the same county, or in some other convenient county to which there is no valid objection." Rev. Stat. 1874, 1095, sec. 19. Inasmuch as this proceeding was commenced by information in the county court, and could be so commenced only in that court, the statute providing that all offenses cognizable in the circuit courts shall be prosecuted by indictment, a majority of the court are of opinion that as the proceeding could not originally have been commenced and prosecuted by information in the circuit court, so neither could there be prosecuted in that court a case commenced by information in the county court, on change of venue from the latter court; that the circuit court was not, in this instance, a court of record of competent jurisdiction, within the meaning of the provision of the statute cited, and that it was error to grant the change of venue to the circuit court, and for that court to proceed with the cause.

The judgment is therefore reversed and the cause remanded.

*Judgment reversed.*