The People, Defendant in Error, v. E. W. Dada, Plaintiff in Error.

Gen. No. 13,904.

1. MUNICIPAL COURT—*when without jurisdiction of criminal cases.* The Municipal Court of Chicago has no jurisdiction of an offense the punishment for which must be fine *and* imprisonment.

2. MUNICIPAL COURT—*how act creating, construed.* The Municipal Court Act is penal in so far as it provides a new method and a new tribunal for prosecuting and trying criminal cases, and therefore, to such extent, it must be strictly construed.

Proceeding by information. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in

this court at the October term, 1907. Reversed. Opinion filed June 11, 1908. Rehearing denied June 24, 1908.

ERNEST LANGTRY and G. H. SUGRUE, for plaintiff in error.

JOHN J. HEALY and ROGER SHERMAN, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error was found guilty by a jury in the Municipal Court of Chicago on May 20, 1907, of obtaining goods by false pretenses. The prosecution was originally begun in the Municipal Court and was by information. On May 25, 1907, a judge of the Municipal Court sentenced him "to confinement at labor * * * in the House of Correction in the city of Chicago * * * for the said crime of obtaining goods by false pretenses, whereof he stands convicted, for the term of one year; * * * also to pay * * * a fine of two hundred dollars and also the costs * * * taxed at twenty dollars * * * " And the Superintendent of said House of Correction was required and commanded to take the body of the defendant and confine him in the said House of Correction at labor for the term of one year and thereafter until said fine and costs should have been worked out at the rate of one dollar and fifty cents per day, or until said fine and costs should have been otherwise paid, etc.

The defendant sued out a writ of error from this court, which was made a *supersedeas,* and he was enlarged on bail pending this hearing.

He must be discharged, and the judgment, which is void, reversed. The Municipal Court has no jurisdiction of the offense for which the defendant was tried. That offense is conceded to be the one which is described and for which the punishment is provided in section 96, division one of the Criminal Code of Illi-

nois. That punishment is declared to be a fine in any sum not exceeding $2,000 *and* imprisonment not exceeding one year. No discretion is given the court —it must sentence to fine *and* imprisonment a person found guilty under the statute.

The Municipal Court of Chicago is a court established and given jurisdiction by the legislature of Illinois. It came into existence after the Act establishing it had been accepted by the legal voters of Chicago at an election on the first Monday of November, 1905.

Its original criminal jurisdiction is fixed in the Act as it stood when the defendant was prosecuted to be only over those "criminal cases in which the punishment is by fine *or* imprisonment otherwise than in the penitentiary."

It seems to us as clear that it does not include a criminal case in which the punishment must be by both fine *and* imprisonment, as it does that it does not include capital cases or cases of penitentiary offenses. To argue that the distinction between cases punishable by fine *or* imprisonment and cases punishable by fine *and* imprisonment, so that the imprisonment is not in the penitentiary, is a causeless or unwise one, is to impugn the wisdom of the legislature, but it cannot enlarge the jurisdiction of the court.

It is unnecessary for us to inquire whether the amendment of June 3, 1907, which adds to the cases of which the Municipal Court has original jurisdiction, "all other criminal cases which the laws in force from time to time may permit to be prosecuted otherwise than on an indictment by a grand jury," has changed the jurisdiction of the Municipal Court as to this offense, nor whether section 8 of article II of the Constitution of Illinois forbids the prosecution of this offense in any court except on indictment; nor whether contemporaneous legislative or judicial construction throws light on the scope of the constitutional provision; nor whether an offense punishable by fine *or* im-

prisonment *or* both, falls within the jurisdiction of the Municipal Court.

We decide only the case before us, which is one in which an offense absolutely punishable without any discretion by the court by fine *and* imprisonment, was prosecuted in a court newly erected, to which jurisdiction only of cases punishable by fine *or* imprisonment had been given. The court inflicted both fine and imprisonment as punishment.

It is said we should give a liberal construction to the statute as remedial. It is certainly penal in so far as it provides a new method and a new tribunal for prosecuting and trying criminal cases. We must construe such portions of it as do this strictly.

The judgment is reversed and the defendant discharged.

*Reversed.*