THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN B. GLOWACKI, Plaintiff in Error.

*Opinion filed December 2, 1908.*

1. CONSTITUTIONAL LAW—*section 8 of article 2 of constitution construed.* Section 8 of article 2 of the constitution, providing that "no person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary," etc., means except in cases where the punishment is by fine or jail sentence, or both.

2. MUNICIPAL COURTS—*when municipal courts may try offenses on information.* The municipal court of Chicago has jurisdiction to try, on information, all violations of criminal laws punishable by fine or by imprisonment otherwise than in the penitentiary, or by both fine and such imprisonment; but if the offense is punishable either by fine or by imprisonment in the penitentiary, or both by fine and imprisonment in the penitentiary, it can only be prosecuted under an indictment.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding.

GALLAGHER & MESSNER, for plaintiff in error:

The information in this case charges a violation of section 54 of chapter 38, Starr & Curtis' Statutes, which section provides that every person convicted thereunder "shall be fined not exceeding $500, or confined in the county jail not exceeding one year," hence the prosecution should have been founded upon an indictment. Const. of 1870, art. 2, sec. 8.

Only such offenses as may be punished by a fine only, or by imprisonment otherwise than in the penitentiary only, and not offenses where the punishment may be in the alternative, either fine or imprisonment otherwise than in the penitentiary, can be prosecuted upon information. Const. of 1870, art. 2, sec. 8.

The municipal court of Chicago only has original jurisdiction of such offenses as may be prosecuted otherwise

than on an indictment by a grand jury. Municipal Court act, sec. 2, par. 3, and sec. 27.

The language of the constitution is clear, definite and unambiguous, and the words used are to be taken in their ordinary, natural and commonly received sense. Cooley's Const. Lim. (6th ed.) 69; 8 Cyc. 730-732; 6 Am. & Eng. Ency. of Law, 922; *Foley* v. *People,* Breese, 57; *Sadler* v. *Fahey,* 87 Ill. 411; *Law* v. *People,* 87 id. 385; *Springfield* v. *Edwards,* 84 id. 626; *Hahn* v. *Gates,* 102 id. 385; *Railway Co.* v. *Dumser,* 109 id. 402; *Gas Light Co.* v. *Downey,* 127 id. 201; *Railroad Co.* v. *Chicago,* 173 id. 471; *County of Cook* v. *Hartney,* 169 id. 573; *People* v. *Rose,* 174 id. 316; *Beardstown* v. *Virginia,* 76 id. 34; Sedgwick on Stat. and Const. Law, 231, 227; *State* v. *Walters,* 97 N. C. 489; *Frye* v. *Railroad Co.* 73 Ill. 399; *State Board of Health* v. *Ross,* 191 id. 87; *State* v. *Harrison,* 191 id. 257; *Gillett* v. *Gillett,* 207 id. 144; 26 Am. & Eng. Ency. of Law, 598; 6 id. 923; *Buck* v. *Danzinbacker,* 37 N. J. L. 361.

If there is anything doubtful about the meaning of the words employed in this section of article 2 of the constitution,—anything requiring judicial construction or interpretation,—such doubts, construction and interpretation should be in favor of the accused. Bishop on Stat. Crimes, (3d ed.) sec. 193, notes on p. 216.

WILLIAM H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (J. KENT GREENE, of counsel,) for the People:

The question whether prosecution shall be by indictment or information is solely one of procedure, and the constitutional provisions in regard thereto should be construed liberally. *State* v. *Kyle,* 56 L. R. A. 115; *In re Wright,* 13 id. 748; Const. art. 2, sec. 8; 22 Cyc. 258.

The comma after the word "fine," in section 8 of article 2 of the constitution, is not to be regarded in construction. *Holmes* v. *Insurance Co.* 98 Fed. Rep. 240.

The word "or" in section 8 of article 2 of the constitution may be construed as "and." *State* v. *Wiggin,* 72 Me. 425; *Indianapolis* v. *Huegele,* 115 Ind. 581; Bishop on Stat. Crimes, secs. 200, 212, 243; *Hankins* v. *People,* 106 Ill. 628; *Jelly* v. *Dils,* 27 W. Va. 267; *People* v. *Lytle,* 40 N. Y. Supp. 152; *Williams* v. *Poor,* 65 Iowa, 409; *People* v. *Rice,* 138 N. Y. 151; *State* v. *Myers,* 10 Iowa, 448; *People* v. *VanCleave,* 187 Ill. 125; *Granite Co.* v. *Debereux,* 72 Me. 425; *Washburne* v. *Lyons,* 97 Cal. 314; *Harbor Co.* v. *Leatham,* 164 Ill. 239; *Boyles* v. *McMurphy,* 55 id. 236.

At common law all offenses below the grade of felony could be prosecuted by information, and such is the rule at present. 22 Cyc. 178; *Considine* v. *United States,* 112 Fed. Rep. 342; *United States* v. *Coppersmith,* 4 id. 198; *State* v. *Kyle,* 56 L. R. A. 115; *Ex parte Wilson,* 114 U. S. 417; *Mackin* v. *United States,* 117 id. 348; Rev. Stat. 1874, chap. 38, div. 2, sec. 7; Crim. Code, div. 15, sec. 162, p. 158; *Brewster* v. *People,* 183 Ill. 143; *Lamkin* v. *People,* 94 id. 501.

Mr. JUSTICE CARTER delivered the opinion of the court:

An information was filed in the municipal court of Chicago June 20, 1908, charging plaintiff in error with unlawfully living and cohabiting in a state of adultery with one Helen Ratajczak. On the trial in that court the jury found plaintiff in error guilty, and he was sentenced to pay a fine of $400 and costs and to stand committed until such fine and costs were paid. To reverse that sentence this writ of error was sued out.

The sole question raised by plaintiff in error is that he could only be tried on the offense charged, upon an indictment by a grand jury, under section 8 of article 2 of the constitution, which reads: "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or

imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army and navy, or in the militia, when in actual service in time of war or public danger: *Provided,* that the grand jury may be abolished by law in all cases."

The Municipal Court act, as passed in 1905, provided (Hurd's Stat. 1905, par. 3, sec. 2, p. 635,) that said court should have jurisdiction in "all criminal cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary," etc. This paragraph of said section 2 was amended in 1907 (Laws of 1907, p. 227,) by adding after the word "penitentiary" the words, "and all other criminal cases which the laws in force from time to time may permit to be prosecuted otherwise than on indictment by a grand jury." Section 27 of that act as it was originally passed and still stands, provides that all criminal cases in the municipal court "in which the punishment is by fine or imprisonment otherwise than in the penitentiary" may be prosecuted by information. Section 11 of the Criminal Code (Hurd's Stat. 1905, p. 669,) provides that a person guilty of living in an open state of adultery "shall be fined not exceeding $500, or confined in the county jail not exceeding one year."

Plaintiff in error contends that only such offenses as may be punished by fine *only* or by imprisonment (otherwise than in the penitentiary) *only* can be prosecuted upon information, and that an offense which may be punished in the alternative, *either* fine *or* imprisonment, otherwise than in the penitentiary, cannot be prosecuted upon information. In other words, he contends that the meaning of section 8 of article 2 of the constitution is, that there must be an indictment, except, first, in that class of cases where the offender can be punished only by fine; or second, in that class of cases where the offender can be punished only by imprisonment "otherwise than in the penitentiary." We do not think this is the meaning of that constitutional provi-

sion. A decision of this question requires only a construction of the constitution, as, plainly, under the provisions of the Municipal Court act (either as originally passed or as amended in 1907) the legislature intended to give to that court full power to try upon information all criminal offenses that under said section 8 of article 2 of the constitution could be tried without an indictment by the grand jury, the wording of both paragraph 3 of section 2 and paragraph 27 as above quoted, giving jurisdiction to that court to try on information without indictment, being in the identical language of said constitutional provision authorizing trial on information. The words of the constitution granting this power, namely, "in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary," were intended, we think, to base the distinction between cases that could be tried on information and those which could only be tried on indictment of a grand jury, upon the fact as to whether they were punishable by imprisonment in the penitentiary or whether the punishment was by imprisonment otherwise than in the penitentiary, or by fine, or both. The words "fine *or* imprisonment otherwise than in the penitentiary" include every class of offenses where the punishment is either by fine or jail sentence, or both. Manifestly, punishment by fine or imprisonment exists when it is either or both.

If the meaning of this constitutional provision were doubtful, then uniform, long continued and contemporaneous construction by public officials in the execution of the law would have great weight with the courts in deciding as to the proper construction. (*Cook County* v. *Healy,* 222 Ill. 310; *Nye* v. *Foreman,* 215 id. 285.) The legislative and executive departments of the State, as well as the courts, have construed that section of the constitution as authorizing offenses, when the punishment is less than imprisonment in the penitentiary, whether it is by fine or imprisonment in the county jail, or both, to be tried on in-

formation, although the question was never squarely raised and passed on by the courts. The County Court act of 1872 provided that that court should have "exclusive jurisdiction in all criminal cases and misdemeanors where the punishment is not imprisonment in the penitentiary or death," etc., and also provided that criminal offenses should be prosecuted in the said court either on affidavit of some competent witness or information of the State's attorney. (Laws of 1871-72, p. 326.) The County Court act as amended, revised and re-enacted in 1874 retained the exact words as to jurisdiction in criminal offenses, (1 Starr & Cur. Stat.—1896 ed.—p. 1178,) and also retained substantially the same provisions as to the right to prosecute such offenses on information. (Ibid. p. 1188.) The section of that act which provides for criminal jurisdiction was again amended in 1877, and the same language giving criminal jurisdiction to that court was retained. (Ibid. p. 1178.) In *Myers* v. *People,* 67 Ill. 503, this court, in 1873, had before it a prosecution for selling liquor without a license, the defendant having been convicted in the county court. The judgment of the county court was affirmed both in the circuit court and in this court. In *Swanson* v. *People,* 89 Ill. 589, an information had been filed in the county court for selling intoxicating liquor without a license. In *Parris* v. *People,* 76 Ill. 274, there was a prosecution in the county court for malicious mischief. *Gallagher* v. *People,* 120 Ill. 179, was a prosecution for selling intoxicating liquor to a person in the habit of getting intoxicated. Both this court and the Appellate Court affirmed the judgment of the county court. *Long* v. *People,* 135 Ill. 435, was a prosecution for assault with a deadly weapon. Here, again, the judgment of the county court was sustained by both the Appellate and Supreme Courts. All of these cases above referred to were prosecuted upon information, and the punishment for the offense in each was fine, or imprisonment in the county jail, or both. In none of these cases in this court, nor in

others of the same nature that have been decided by the Appellate Court, was the question of jurisdiction to try the offender by information raised or suggested, although it is worthy of note that in some of them the jurisdiction of the county court was questioned on other grounds, and it is very evident that had the meaning of this section of the constitution been clearly and obviously as contended for by counsel for plaintiff in error, it would surely have attracted the attention of counsel or of the courts. (*Hankins* v. *People,* 106 Ill. 628.) Moreover, in discussing the right of a person charged with an offense to waive a trial by jury, we have had occasion to construe the provision of the constitution here under discussion. In *Brewster* v. *People,* 183 Ill. 143, we stated (p. 149) : "Section 8, by the use of the words, 'in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary,' evidently refers to misdemeanors, and its plain meaning is, that a person may be held to answer for a misdemeanor without indictment by a grand jury." Again, in *Paulsen* v. *People,* 195 Ill. 507, we stated (p. 516) : "Grand juries have not been abolished, and consequently no person can be held in this State to answer for a criminal offense which may be punished by imprisonment in the penitentiary, except upon the indictment of a grand jury. * * * Said section 8 of article 2 of the constitution permits the prosecution, otherwise than by indictment, of all violations of the criminal laws which involve only punishment by fine or imprisonment in the common jail." The reasoning in these two cases is practically decisive against the plaintiff in error's contention. The legislature, when it passed the Municipal Court act, and for nearly forty years before, and the prosecuting officers and all the courts for the same length of time, have placed the same construction upon this constitutional provision. That its true intent is as heretofore set out, finds further support in the fact that under the common law all misdemeanors could be prosecuted upon informa-

tion and all offenses above that grade could only be prosecuted by indictment. 4 Blackstone, *308-310; 1 Chitty on Crim. Law, *845; 22 Cyc. 186.

The cases of *State* v. *Yates*, 36 Neb. 287, *State* v. *Crowell*, 116 N. C. 1052, *Ex parte City Council*, 79 Ala. 275, and others, cited and relied on by plaintiff in error, are all clearly distinguishable from this case, as the wording of the various statutes or constitutions therein construed is different from that here under discussion. .

We find no fault with the plaintiff in error's contention that a penal statute cannot be extended by implication so as to bring within its operation a case not within its words. (*Buck* v. *Danzenbacker*, 37 N. J. L. 359, and other decisions of like import.) But that rule does not apply here. The sole question is, what was the intention in the adoption of this constitutional provision? Equally in strict interpretation as in liberal the object is simply to ascertain the intent, disregarding captious objections or the demands of an exact grammatical propriety. (Bishop on Stat. Crimes,— 3d ed.—secs. 200, 212; 2 Lewis' Sutherland on Statutory Const.—2d ed.—par. 361.) The meaning we have herein given to the section of the constitution in question is not an implied one, but can be fairly considered as expressed by the language used, and whatever doubt might arise as to its interpretation is settled by the long continued and uniform construction that has been placed thereon.

We conclude, therefore, that under the constitution and the Municipal Court act the municipal court of Chicago has jurisdiction to try, on information, all violations of criminal laws punishable by fine or by imprisonment otherwise than in the penitentiary, or by both fine and such imprisonment. If the offense is one that may be punished either by fine or by imprisonment in the penitentiary or both by fine and imprisonment in the penitentiary, then it can only be prosecuted under an indictment. *Paulsen* v. *People, supra.*

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*