## The People of the State of Illinois, Defendant in Error, v. John V. Paul, Plaintiff in Error.

## Gen. No. 16,314.

1. INFORMATION—*effect of absence of endorsement.* Held, inferentially, that a plea of guilty waives the endorsement by a judge of the municipal court required by statute, as well as other irregularities.

2. INFORMATION—*when sufficiently charges crime of pandering.* An information in the language of the statute is sufficient. Interpolating the name of the person charged to have been procured as an inmate for a house of prostitution does not operate to change the character of the offense named in the statute.

3. APPEALS AND ERRORS—*what abstract should show.* Upon appeal the abstract should show the matters upon which error is assigned.

4. JUDGMENT—*when form of judgment in prosecution for pandering will not reverse.* If the information charges pandering and a plea of guilty to such information is interposed, and the sentence imposed upon

the defendant was the sentence authorized by the statute to be imposed upon conviction of the offense charged in the information, the fact that through carelessness the record is made to say that the defendant "is guilty of the criminal offense of causing, inducing, persuading or encouraging a female person to become an inmate of a house of prostitution on said plea of guilty," does not change the effect of the plea of the defendant and the improper language of the judgment will be rejected as surplusage.

5. MUNICIPAL COURT—*what within criminal jurisdiction since amendment of 1907*. The municipal court has jurisdiction in criminal cases wherein the punishment upon conviction must be by both fine and imprisonment.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART,. Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 21, 1912.

W. G. ANDERSON, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

To an information filed in the Municipal Court charging that plaintiff in error on or about November 6, 1909, "did knowingly and unlawfully procure, persuade and encourage a female inmate, to wit: Marie Thiel, for a house of prostitution," the plaintiff in error entered his plea of guilty, and was thereupon sentenced to imprisonment in the house of correction for six months and to pay a fine of $300 and costs of prosecution.

The judgment of the court as entered recites in part that plaintiff in error "is guilty of the criminal offense of causing, inducing, persuading or encouraging a female person to become an inmate of a house of prostitution, on said plea of guilty." This writ of error is prosecuted to reverse such judgment of conviction.

It is claimed that the information was sworn to by

a private citizen and does not bear the endorsement of a judge of the Municipal Court, as provided by section 27 of the Municipal Court Act, as follows: "Before an information is filed by any person other than the Attorney General or State's Attorney, one of the judges of the Municipal Court, shall examine the information and may examine the person presenting the same and require other evidence and satisfy himself that there is probable cause for filing the same and so endorse the same." Predicated upon this claim it is insisted that the information was void and did not give the court jurisdiction of the case. While we are disposed to hold that such irregularity, if it existed, was waived by plaintiff in error by his plea of guilty, the abstract of the record does not present the question for review. The abstract does not disclose that the information was verified by a private person, or that it was filed by any person other than Attorney General or State's Attorney, or that it was not endorsed by a judge of the Municipal Court.

The abstract of the record is the pleading of the party seeking to have such record reviewed upon appeal or by writ of error, and the error relied upon to effect a reversal of the judgment must be made to appear by such abstract. Gage v. City of Chicago, 211 Ill. 109.

It is next urged that, "the information charges no offense and that it is repugnant to and at variance with the finding and judgment of the court." The information charges that plaintiff in error did "procure, persuade and encourage a female inmate, to wit: Marie Thiel, for a house of prostitution." The act in relation to pandering, provides in part as follows: "Any person who shall procure a female inmate for a house of prostitution * * * shall be guilty of pandering, and * * * shall be punished," etc. R. S. (1909), 763.

The information is in the language of the statute, with the words, "persuade and encourage," added, and the name of the female interpolated. It formally charges that plaintiff in error procured a female inmate, to wit: Marie Thiel, for a house of prostitution. Interpolating the name of the person charged to have been procured as an inmate for a house of prostitution, did not operate to change the character of the offense named in the statute.

The record discloses that upon being arraigned to plead to the information, plaintiff in error pleaded thereto, that he was "guilty in manner and form as charged in said information." The sentence imposed upon plaintiff in error is the sentence authorized by the statute to be imposed upon conviction of the offense charged in the information. The fact that through carelessness, inadvertence or ignorance the record is made to say that plaintiff in error "is guilty of the criminal offense of causing, inducing, persuading or encouraging a female person to become an inmate of a house of prostitution, on said plea of guilty," does not change the effect of the plea of plaintiff in error, theretofore entered, to the information. The portion of the record last quoted may be wholly disregarded as surplusage. The judgment of conviction was upon the plea to the information alone, and is responsive to such plea.

It is finally urged that the Municipal Court is without jurisdiction in criminal cases wherein the punishment upon conviction must be by both fine and imprisonment, and People v. Dada, 141 Ill. App. 557, is cited in support of such position. The record involved in the Dada case was made prior to the amendment in 1907 of the Municipal Court Act, whereby the jurisdiction of said court was extended to include, "all other criminal cases which the laws in force from time to time may permit to be prosecuted otherwise than on indictment by a grand jury."

The jurisdiction of the Municipal Court in criminal prosecutions under the statute here involved was expressly recognized and upheld in People v. Braun, 246 Ill. 428, and People v. Jacobson, 247 Ill. 394.

The judgment is affirmed.

*Judgment affirmed.*