554    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Garfinkle, 169 Ill. App. 554.

## The People of the State of Illinois, Defendant in Error, v. David Garfinkle, Plaintiff in Error.

## Gen. No. 16,721.

1. INFORMATIONS—*what offenses may be prosecuted by.* All capital crimes and all other felonies must be prosecuted by indictment, but the lesser offenses, called misdemeanors, may be prosecuted either by indictment or upon information.

2. INFORMATIONS—*when charging pandering sufficient after verdict.* Notwithstanding an information may be inartificially drawn, if no motion to quash it or for a bill of particulars was made, it is sufficient after verdict if it apprised the defendant of the crime with which he was charged.

Error to the Municipal Court of Chicago; the HON. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 19, 1912.

W. G. ANDERSON, for plaintiff in error; G. H. SUGRUE, of counsel.

CHICAGO—FIRST DISTRICT—APRIL, 1912.    555

The People of the State of Illinois v. Garfinkle, 169 Ill. App. 554.

JOHN E. W. WAYMAN, for defendant in error; ZACH
HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opin-
ion of the court.

Plaintiff in error had a jury trial in the Municipal
Court of Chicago upon a criminal information, charg-
ing in three several counts, acts which constituted the
crime of pandering. No objection, by way of a motion
to quash or otherwise, was made to the information.
The jury found him guilty, and he was sentenced to
serve six months in the House of Correction, and to
pay a fine of $300 and costs. A reversal is sought upon
several alleged grounds: (1) The Municipal Court had
no power to impose both a fine and imprisonment. (2)
The information is materially and substantially defec-
tive. (3) The law under which he was prosecuted is
unconstitutional and void. (4) The pandering act was
never legally adopted by the legislature.

The claim that the Municipal Court had no power
to impose both a fine and imprisonment is based upon
section 27 of the Municipal Court Act, which provides:
"That all criminal cases in the Municipal Court in
which punishment is by fine or imprisonment, other-
wise than in the penitentiary, may be prosecuted by
information," etc., and the case of Dada v. People, 141
Ill. App. 557, is cited as bearing out the construction
contended for. On the other hand, the jurisdiction of
the Municipal Court in criminal cases is conferred in
the following language:

"Third. Cases, * * * which shall include all criminal
cases in which the punishment is by fine or imprison-
ment otherwise than in the penitentiary, and all other
criminal cases. which the laws in force from time to
time may permit to be prosecuted otherwise than on

556    Appellate Courts of Illinois.

The People of the State of Illinois v. Garfinkle, 169 Ill. App. 554.

indictment by a grand jury.'' Hurd's Revised Statutes, 1909, Chap. 37, Sec. 265.

Under the law of Illinois all capital crimes and all other felonies must be prosecuted by indictment, but the lesser offenses, called misdemeanors, may be prosecuted either by indictment or upon information. Illinois Statutes, Chap. 38, Sections 456 and 457; People v. Baits, 123 Ill. 428; People v. Brewster, 183 Ill. 143.

A first offense of pandering, of which plaintiff in error was convicted, is punishable by fine and imprisonment in the county jail or house of correction for not exceeding one year, and it is, therefore, a misdemeanor which may be tried upon an information. Our Supreme Court has held distinctly that the Municipal Court of Chicago has jurisdiction to try upon information all violations of criminal laws punishable by fine or imprisonment otherwise than in the penitentiary, or by both such fine and imprisonment. If the offense is one that may be punished either by fine or by imprisonment in the penitentiary, or both by fine and such imprisonment, then it can be prosecuted only under an indictment. People v. Glowacki, 236 Ill. 612; Paulsen v. People, 195 Ill. 507.

The validity of the pandering act was attacked by the counsel for plaintiff in error in the case at bar in People v. Braun, 245 Ill. 428, where substantially the same contentions were made against its validity as are made here. The court sustained the validity of the law, and, with respect to the contention made in that case and in the one at bar, that the pandering act had not been properly adopted by the Legislature, said:

''Whatever may be the rulings in other jurisdictions, it is settled law in this state that it is not the province of this court at the suggestion and request of counsel to undertake to explore the journals of the legislature for the purpose of ascertaining the manner in which a law went through the legislature. (Illinois Central

R. R. Co. v. Wren, 43 Ill. 77; Grob v. Cushman, 45 Ill. 119; Cantrell v. Seaverns, 168 Ill. 165.)''

As to the claim that the information is materially defective,—the information charges in the first count that in the County of Cook and State of Illinois, on July 6, 1909, plaintiff in error did then and there by certain promises and by a certain device and scheme caused, induced, persuaded and encouraged one Emma Wilson, alias Frankie Davis, a female person, to become an inmate of a house of prostitution in Chicago, etc. In the second count,—that he did unlawfully and wilfully receive the sum of twenty dollars for procuring Emma Wilson, alias Frankie Davis, a female person to become an inmate of a house of ill fame in Chicago, etc. In the third count,—that he did by certain promises and by a device or scheme cause, induce, persuade and encourage Emma Wilson, alias Frankie Davis, then an inmate of a house of prostitution in Chicago, to remain therein as such inmate of a house of prostitution, etc.

Section 2, of the pandering act of 1909, provides that ''any person * * * who, by promises, threats, violence, or any device or scheme, shall induce, persuade or encourage a female person to become an inmate of a house of prostitution, * * * or * * * who shall by promises, threats, violence or by any device or scheme, cause, induce, persuade or encourage an inmate of a house of prostitution to remain therein as such inmate; or * * * who shall receive * * * any money * * * for procuring * * * any female person to become an inmate of a house of ill fame, * * * shall be guilty of pandering.''

As to the sufficiency of indictments, it is provided in Section 408, Chap. 38, Hurd's Revised Statutes, 1909, as follows:

''Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the

558    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Garfinkle, 169 Ill. App. 554.

statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury.''

With reference to this statute, the courts have said in substance:

''Where the language of the indictment is sufficient to inform the defendant with what crime he is charged and to enable the court to ascertain from an inspection thereof that it charges that the offense created by the statute has been committed it is sufficient.'' People v. Brown, 150 Ill. App. 365; Gallagher v. People, 211 Ill. 158.

While the information was inartificially drawn, yet no motion to quash it or for a bill of particulars was made. In the light of the statute, and of the undoubted trend of judicial decisions away from strict technicalities, where the reason for their formal observance has long since ceased, we do not think the claims of plaintiff in error tenable. There is no doubt that plaintiff in error was sufficiently apprised by the information of the particulars of the crime with which he was charged, and of which he does not even contend that he was innocent.

The judgment will be affirmed.

*Judgment affirmed.*