**The People of the State of Illinois, Defendant in Error, v. Lawrence Manganio, Plaintiff in Error.**

**Gen. No. 17,702.**

1. PANDERING—*sentence.* Notwithstanding the phrase "fine or imprisonment, otherwise than in the penitentiary," in the Bill of Rights, section 8, and the Municipal Court Act, sections 2 and 27, on an information in the Municipal Court of Chicago for pandering, under Hurd's Statute of 1909, ch. 38, sec. 57g, providing for a punishment, by a fine and imprisonment, the court has jurisdiction to impose a sentence of both a fine and imprisonment in the House of Correction.

2. PANDERING—*when error in procedure is waived.* The record in a prosecution for pandering showing an information and sentence against the defendant alone, it was contended there was error in that the bill of exceptions disclosed that separate and distinct cases, against two persons, were tried together. Both persons were represented by the same attorney, who made various motions at the trial, and at the conclusion of the People's case one was discharged for lack of evidence. *Held*, the alleged error in procedure was waived by failure to object thereto in the trial court.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 3, 1912.

GEORGE REMUS, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; LOUIS PINDERSKI, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On June 14, 1911, in the Municipal Court of Chicago, Lawrence Manganio, plaintiff in error, was found guilty of the. offense of pandering, he having waived a trial by. jury. He was sentenced on the finding to confinement in the house of correction for the term of six months *and* to pay a fine of $300 and costs of suit. This writ of error is prosecuted to reverse the judgment.

The case was tried on the information of Julia Hickman, which was signed by her and verified by her affidavit and presented to the court on June 5, 1911, and in which it was charged that "Lawrence Manganio did unlawfully persuade, encourage, induce, cause or procure one Julia Hickman then and there being a female person to become an inmate of a house of prostitution, then and there situate at 9156 and 9158 Harbor Avenue, in the City of Chicago, County of Cook, State of Illinois."

Section 57g of chapter 38, (Hurd's Ill. Stat. 1909) reads, in part, as follows:

"Any person who shall procure a female inmate for a house of prostitution or who, by promises, threats, violence or by any device or scheme, shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution, or * * *, or * * *, shall be guilty of pandering, and upon a first conviction for an offense under this act shall be punished by imprisonment in the county jail or house of correction for a period of not less than six months nor more than one year *and* by. a fine of not less than three hundred dollars and not to exceed one thousand dollars," etc.

Section 8 of the bill of rights of the constitution of this state provides:

"No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, *or* imprisonment otherwise than in the penitentiary," etc.

Section 2 of the Municipal Court act, in defining the jurisdiction of that court, provides in paragraph third that the court shall have jurisdiction in:

"Cases to be designated and hereinafter referred to as cases of the third class, which shall include all criminal cases in which the punishment is by fine *or* imprisonment otherwise than in the penitentiary, and all other criminal cases which the laws in force from time to time may permit to be prosecuted otherwise than on indictment by a grand jury."

Section 27 of the Municipal Court Act provides in part:

"That all criminal cases in the Municipal Court in which the punishment is by fine *or* imprisonment otherwise than in the penitentiary, may be prosecuted by information of the Attorney General or State's Attorney, or some other person, and when an information is presented by any person other than the Attorney General or the State's Attorney, it shall be verified by the affidavit of such person that the same is true," etc.

It is first contended by counsel for plaintiff in error that the judgment should be reversed because the Municipal Court had no jurisdiction to enter the judgment and the same is therefore void; that said court has no jurisdiction (because of the provision of the constitution and the provisions of the Municipal Court Act above quoted) to *both* fine *and* imprison otherwise than in the penitentiary a person found guilty of a crime, and that by the judgment in this case plaintiff in error was sentenced to pay a fine *and* to be confined in the house of correction. In support of his contention counsel cites the case of People v. Dada, 141 Ill. App. 557, decided by the main Appellate Court of this district in June, 1908.

In view of the following later decisions of our Supreme Court we cannot agree with counsel's contention. In People v. Glowacki, 236 Ill. 612, an information was filed in the Municipal Court of Chicago charging the defendant with unlawfully living and cohabiting in a state of adultery with a woman. The defend-

ant was found guilty and sentenced to pay a fine. By statute of this state it was provided that a person guilty of living in an open state of adultery "shall be fined not exceeding $500, or confined in the county jail not exceeding one year." It was contended in the Supreme Court, under the provisions of the constitution and the Municipal Court Act above quoted, that only such offenses as may be punished by fine *only* or by imprisonment (otherwise than in the penitentiary) *only* can be prosecuted upon information, and that an offense which may be punished in the alternative, *either* fine *or* imprisonment (otherwise than in the penitentiary) cannot be prosecuted upon information. In affirming the judgment of the Municipal Court, our Supreme Court said (pp. 616, 619):

"Under the provisions of the Municipal Court act (either as originally passed or as amended in 1907) the legislature intended to give to that court full power to try upon information all criminal offenses that under said section 8 of article 2 of the constitution could be tried without an indictment by the grand jury, the wording of both paragraph 3 of section 2 and paragraph 27 as above quoted, giving jurisdiction to that court to try on information without indictment, being in the identical language of said constitutional provision authorizing trial on information. The words of the constitution granting this power  *  *  *  were intended, we think, to base the distinction between cases that could be tried on information and those which could only be tried on indictment of a grand jury, upon the fact as to whether they were punishable by imprisonment in the penitentiary or whether the punishment was by imprisonment otherwise than in the penitentiary, or by fine, or both. The words 'fine *or* imprisonment otherwise than in the penitentiary' include every class of offenses where the punishment is either by fine or jail sentence, or both. Manifestly, punishment by fine or imprisonment exists where it is either or both.  *  *  *. We conclude, therefore, that under the Constitution and the Municipal Court Act the Municipal Court of Chicago has

jurisdiction to try, on information, all violations of criminal laws punishable by fine or by imprisonment otherwise than in the penitentiary, or by both fine and such imprisonment.''

In People v. Krueger, 237 Ill. 357, an information was brought in the Municipal Court of Chicago, charging Krueger with a violation of certain provisions of the Lottery Policy act. He was found guilty and was sentenced to pay a fine of $500 and costs *and* to be confined in the house of correction for three months. It was contended in the Supreme Court that the Municipal Court was without constitutional authority and jurisdiction to try him on an information. In affirming the judgment our Supreme Court said (p. 358): ''This question has been decided adversely to plaintiff in error's contention in People v. Glowacki, 236 Ill. 612.''

The offense of petit larceny is by statute (Sec. 168, Chap. 38) punishable by confinement in the county jail or to labor in the workhouse of the county, etc., not exceeding one year *and* by a fine not exceeding one hundred dollars. In People v. Russell, 245 Ill. 268, a woman was convicted of petit larceny on an information filed in the Municipal Court of Chicago and she was sentenced to four months' imprisonment in the house of correction *and* to pay a fine of one dollar. In the Supreme Court she asked that the judgment be reversed on the ground that petit larceny could be prosecuted only by indictment and that, therefore, the Municipal Court was without jurisdiction to try her. The Supreme Court in the majority opinion reversed the judgment on the grounds that where the punishment for an offense consists of fine *and* imprisonment (otherwise than in the penitentiary), and *some additional penalty,* the offender can be prosecuted only by indictment; that the smallest part of the punishment provided for petit larceny is the fine and imprisonment imposed by the court, and that there is

an additional penalty in a case of larceny in that, under section 7 of division 2 of chapter 38 of our statutes, the person convicted thereof ''shall be deemed infamous'' and suffers a loss of certain civil rights. The court in referring to the Glowacki case, *supra,* said (p. 273):

''It was held there that all violations of law could be prosecuted by information where the punishment was by fine alone, by imprisonment otherwise than in the penitentiary alone, or by either fine or such imprisonment or by both fine and · such imprisonment. This enumeration includes all the cases in which prosecutions may be carried on by information.''

The offense of pandering is not one as, under said section 7 of division 2 of chapter 38 of our statutes (as · amended May 29, 1911), is declared to be an infamous offense, and the punishment prescribed by the respective statutes for the offenses of petit larceny and pandering is similar in that in both cases the punishment is *both* a fine *and* imprisonment otherwise than in the penitentiary.

In People v. Paul, 167 Ill. App. 557, a pandering case, one of the branch Appellate Courts of this district said:

''The jurisdiction of the Municipal Court in criminal prosecutions under the statute here involved was expressly recognized and upheld in People v. Braun, 246 Ill. 428, and People v. Jacobson, 247 Ill. 394.''

It is next contended by counsel that, while the record shows an information against plaintiff in error alone and that he alone was sentenced, the bill of exceptions incorporated in the record discloses the fact that two separate and distinct cases—the one against plaintiff in error and one against Ernest Pegano, also charged with the offense of pandering—were tried together and in this particular there was error. The bill of· exceptions discloses that plaintiff in error and said Pegano were arraigned together; that counsel for plaintiff in error, at the time of such arraignment, ap-

peared for both, and, in reply to an inquiry of the court, said: "The defendant, Lawrence Manganio, pleads not guilty. The other defendant, Ernest Pegano, also enters a plea of not guilty;" that immediately prior to the examination of witnesses counsel moved to dismiss "these cases" on the sole ground of the lack of jurisdiction of the court to try the same on information; that at the conclusion of the People's case, counsel moved the court to discharge Pegano on the ground that the evidence failed to show that he was in any way connected with "the case," and that at the conclusion of all the evidence the court said: "With reference to Ernest Pegano, * * * I think * * * that there is not sufficient testimony to hold him, * * * and he will be discharged." But it nowhere appears in the transcript that at any time or in any manner in the trial court counsel made any objection to the procedure, which he here for the first time contends constituted error. The present contention was therefore waived.

It is further contended by counsel that the finding and judgment are manifestly against the weight of the evidence. Suffice it to say that, after a review of the evidence, we are of the opinion that the contention is without merit.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*