## The People of the State of Illinois, Defendant in Error, v. Charles Yon, Plaintiff in Error.

### Gen. No. 16,872.

1. MUNICIPAL COURT—*jurisdiction where punishment is by fine and imprisonment.* The decision in People v. Dada, 141 Ill. App. 557, holding that the Municipal Court, before the amendment of 1907 to the Municipal Court Act, § 3, had no jurisdiction of an offense, where the punishment must be by fine and imprisonment, is controlled by People v. Glowacki, 236 Ill. 612, which holds that such court has jurisdiction to try on information, violation of criminal laws punishable by fine or imprisonment otherwise than in the penitentiary, or by both.

2. MUNICIPAL COURT—*jurisdiction to try charge of pandering.* The Municipal Court has jurisdiction to try on information a charge

of pandering, though the punishment therefor is fine and imprisonment.

3. MUNICIPAL COURT—*what information for pandering gives jurisdiction.* A prosecution by information in the Municipal Court of Chicago, for pandering, which sets forth the offense in the language of the statute, is sufficient to give jurisdiction, though the act relating to such court provides that criminal offenses must be set forth with reasonable certainty.

4. PANDERING—*remedy if information not specific.* Where an information in the Municipal Court of Chicago, sets forth the offense of pandering, in the language of the statute, if the defendant is unable to identify the occurrence, he has his remedy by suitable motion in the trial court.

5. PANDERING—*requirements of information.* An information charging pandering, need not show on its face that the court examined the person presenting it; and required other evidence, but it is sufficient if the order granting leave to file, and the endorsement on the information recite that the judge examined the information and was satisfied that there was probable cause for filing it.

6. PANDERING—*hearing of evidence before filing information charging is discretionary.* After the judge examines an information charging the offense of pandering, and is satisfied that there is probable cause for filing it, further examination or hearing of evidence is discretionary under the Municipal Court Act.

Prosecution for pandering. Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed October 7, 1912.

W. G. ANDERSON, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error, Charles Yon, was prosecuted by information in the Municipal Court of Chicago for procuring by certain means recited in said information one Ruby Roser, the affiant, a female person, to then and there enter a certain place in which prostitution was then and there encouraged and allowed, the said place being then and there located in the City

of Chicago, etc. The complaint was made and leave to file the information prayed by Ruby Roser in the name of the People before one of the judges of said Municipal Court on August 4, 1910. Having examined the proposed information and being satisfied by evidence heard that there was probable cause for filing the same, the judge so endorsed the same and ordered that leave be granted. Yon was arrested and held to bail, signed a formal waiver of a jury trial, and was tried by the court without a jury. The court found him guilty "in manner and form as charged in the information," and it was "considered and adjudged by the court that said defendant, Charles Yon, is guilty of the criminal offense of Pandering on said finding of guilty." He was sentenced to confinement at labor in the House of Correction and to pay a fine of $300. He sued out a writ of error from this court, and claims by his assignments of error that the Municipal Court had no jurisdiction of the offense because the punishment therefor is fine *and* imprisonment, and this court decided in People v. Dada, 141 Ill. App. 557, that in such cases the Municipal Court Act, before the amendment of section 3 in 1907, had no jurisdiction. Our decision was carefully limited, but our opinion expressed with mistaken confidence. The Supreme Court in People v. Glowacki, 236 Ill. 612, although the case was not on all fours with the Dada case, meant, we feel sure, from the language employed, to express a view of the matter different from ours. That view, so expressed, of course controls and governs ours as efficiently as if it were essential to the decision, independently of the fact that the amendment of 1907 made applicable former cases, and long acquiescence by the profession in a construction of the Constitution which the Dada case did not involve. We can not hold good, therefore, this objection of the defendant to the jurisdiction of the court.

Another point made by the defendant is that the information is materially and substantially defective,

and is therefore void. It sets forth an offense in the language of the statute, as the defendant admits. But he contends that he was entitled to know with particularity the nature of the means used for the procurement, and the particular house of prostitution involved.

But there is nothing in the record here which shows or tends to show that he did not so know before he went to trial, or that he complained before the Municipal Court at any time of any lack of certainty or particularity in the information. As the State's Attorney points out, "no bill of particulars was requested, no motion to quash was interposed, and no motion for a new trial or in arrest was made."

It is true that the Act says that the information shall set forth the offense with reasonable certainty, and we consider that as a matter of policy and legal administration greater particularity in the present case would have been better; but if the defendant were in the dark or unable to identify the occurrence which gave rise to the charge, he had his remedy below by suitable motion, and did not avail himself of it. The information was sufficient to give jurisdiction.

A third point made by the defendant is that "the information does not show on its face that the Court examined the person presenting the same and required other evidence."

There is no requirement that it should. The order, however, granting leave to file, does recite, as does the endorsement on the information, that the Judge examined the information and was satisfied that there was probable cause for filing the same. This is all that is necessary.

The further examination or hearing of evidence is discretionary under the Act. The order, however, recites an examination of the person presenting the information and the hearing of evidence.

The judgment of the Municipal Court is affirmed.

*Affirmed.*