(Nos. 23427, 23428.— )

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Relator, *vs.* JOSEPH B. DAVID, Judge, Respondent.

*Opinion filed June 10, 1936.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, RICHARD H. DEVINE, and JOHN T. GALLAGHER, of counsel,) for relator.

BENJAMIN C. BACHRACH, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Leave having been granted by this court, the People, on the relation of Thomas J. Courtney, State's attorney of Cook county, filed two *mandamus* petitions, naming Hon. Joseph B. David, judge of the superior court of Cook

county and *ex-officio* judge of the criminal court of that county, as respondent in both suits. By the first petition the relator asked that the respondent be commanded to hear and dispose of the charge contained in an information in a case which had come to the criminal court of Cook county by change of venue from the municipal court of Evanston on May 9, 1935. The second petition prayed that the respondent be commanded to forthwith examine a certain information, to hear evidence as to probable cause, and that he cause that information to be filed and made a part of the records of the criminal court of Cook county. In the first petition it is alleged that on September 9, 1935, the information was duly assigned to the respondent as one of the judges of the criminal court of Cook county and that he refused to try the case or to enter any order therein, and that he assigned as a reason for his action want of authority and jurisdiction in the premises. It is alleged in the second petition that the respondent on September 16, 1935, refused to examine or to hear evidence on the information there described as to probable cause for its filing and denied leave to file that information in the criminal court of Cook county. Motions have been made to dismiss these petitions, and the cases have been consolidated for hearing.

The relator contends that section 3 of division 10 of the Criminal Code (38 S. H. A. 702; Ill. State Bar Stat. 1935, chap. 38, par. 726;) contravenes section 29 of article 6 and section 22 of article 4 of the Illinois constitution, in that it is a special law regulating practice in courts of justice and is not of general and uniform operation in courts of the same class or grade. Sections 1 and 2 of division 10 of the Criminal Code define the jurisdiction of circuit courts in counties other than Cook and the jurisdiction of the criminal court of Cook county over criminal cases, and section 3 is as follows: "All offenses cognizable in the said courts shall be prosecuted by indictment." The

relator contends that this section abridges the constitutional jurisdiction of the criminal court. He says the legislature has given municipal and county courts concurrent jurisdiction with the criminal court of Cook county and circuit courts outside that county over misdemeanors, and the fact that in such other courts prosecutions of misdemeanors may be by information results in discrimination if in those cases indictments are required in the criminal court of Cook county and in circuit courts outside that county.

Section 29 of article 6 of our constitution provides: "All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." Section 22 of article 4 provides: "The General Assembly shall not pass local or special laws * * * regulating the practice in courts of justice."

The circuit courts outside of Cook county and the criminal court of that county are "courts of the same class or grade" with reference to their jurisdiction over criminal cases. Section 3 of division 10 of the Criminal Code operates alike on these courts, and there is therefore no force in the contention that this legislative enactment is special, or the contention that the statutory provision does not operate uniformly on that class of courts. Neither the criminal court of Cook county nor the circuit courts outside that county are deprived of their constitutional jurisdiction by the requirement that all criminal offenses cognizable in those courts shall be prosecuted by indictment. Indictments charging misdemeanors can be returned in those courts. (*People* v. *Swarkowski,* 307 Ill. 524.) The section relates to practice and operates uniformly in courts of a given class. The fact that courts of a different class have a different provision as to practice which permits the prose-

cution of misdemeanors by information does not render this act special, discriminatory or wanting in uniformity.

The relator contends that it was proper for the municipal court of Evanston to order the venue changed to the criminal court of Cook county. In *Swanson* v. *People,* 89 Ill. 589, the county court of Knox county granted a change of venue to the circuit court of Henry county and a trial was had there, resulting in the conviction of the defendants. The error assigned was that the circuit court could not acquire jurisdiction in that manner. We said: "Inasmuch as this proceeding was commenced by information in the county court, and could be so commenced only in that court, the statute providing that all offenses cognizable in the circuit court shall be prosecuted by indictment, a majority of the court are of opinion that as the proceeding could not originally have been commenced and prosecuted by information in the circuit court, so neither could there be prosecuted in that court a case commenced by information in the county court, on change of venue from the latter court; that the circuit court was not, in this instance, a court of record of competent jurisdiction, within the meaning of the provision of the statute cited, and that it was error to grant the change of venue to the circuit court, and for that court to proceed with the cause."

The respondent correctly refused to examine the information and to hear evidence as to probable cause for filing it in the one case presented, and correctly refused to entertain the other case brought to the criminal court of Cook county on change of venue from the municipal court of Evanston.

The writs of *mandamus* are denied and the petitions are dismissed.

*Writs denied.*